EDWARD R. WARD v. REBECCA J. DEAN.[1]

October 26, 1897.

Nos. 10,785—(43).

**Estoppel to Assert Title—Mistake in Boundary.**

 In 1882 defendant was the owner of a government lot in a certain section of land. For the purpose of ascertaining the east line of said lot she employed a surveyor, and he erroneously located and marked the line more than six rods east of the true line and over and upon a 40-acre tract belonging to another party. Plaintiff assisted the surveyor in locating this line. The next year, 1883, plaintiff purchased from defendant a part of lot three, and received a deed in which the land purchased was described as "a triangular piece of land lying in &ast; &ast; &ast; lot three, &ast; &ast; &ast; being all that portion of said lot three lying east of Keystone and Blakeley highway, and containing five acres, more or less." Five years after the execution of this deed, defendant purchased the 40-acre tract before referred to. At no time did defendant represent to plaintiff that the line marked by the surveyor was the true line. Each of the parties had the same knowledge as to the line, and each believed the survey to be accurate and the line then fixed to be the true line. *Held,* in an action brought 13 years after the execution and delivery of the deed, that defendant was not estopped to assert title to that part of the 40 acres included in the erroneous survey.

**Same—Deficit in Quantity—Money—Judgment.**

 *Held,* further, that plaintiff was not entitled to a judgment for the recovery of a proportionate share of the entire sum paid by him for the land.

 Action in the district court for Scott county to establish the boundary line of land, to declare unfounded and void defendant's adverse claim to a certain tract of this land, and to have defendant declared estopped from claiming this land. The case was tried by the court without a jury, and from a judgment for defendant entered pursuant to findings by Cadwell, J., plaintiff appealed. Affirmed.

 *Chas. G. Hinds* and *Henry Hinds,* for appellant.

 *H. J. Peck,* for respondent.

 [1] Reported in 72 N. W. 710.

COLLINS, J.

Upon the findings of fact as made by the trial court no other conclusion could have been reached than that defendant was entitled to a judgment of dismissal upon the merits.

The warranty deed from defendant to plaintiff was executed and delivered March 13, 1883, about 13 years prior to the commencement of this action, and about five years before defendant purchased the 40 acres lying east of the government lot mentioned in the description in the deed. According to this deed, the land conveyed was described as follows:

"A triangular piece of land lying in the northeast corner of lot three in section number eight in township number one hundred and thirteen north, of range twenty-five west, the said piece of land being all that portion of said lot three lying east of Keystone and Blakeley highway, and containing five acres of land, more or less."

As a matter of fact, there were but $3\,^2/_5$ acres in the triangular tract, a mistake as to the east line of lot three having been made in 1882 by a surveyor who had been employed by defendant to locate such line. This surveyor fixed the line and marked it upon the ground, more than six rods east of the true line and consequently upon the 40-acre tract which then belonged to another person, and, as before stated, was purchased by defendant five years after the execution and delivery of the deed in question.

These facts appeared in the findings, and it was also found that the plaintiff assisted the surveyor when the latter erroneously located the east line; that this occurred several months before any negotiations were had between the parties relative to plaintiff's purchase of the land; that, when such purchase was actually made, each party had the same knowledge with reference to the boundary lines; that both supposed the east line of lot three to be as the same had been located and fixed by the surveyor, and were ignorant of its true location; and the court expressly found that the defendant did not represent to plaintiff, as an inducement to purchase (as was charged in the complaint), that the line thus fixed was the true east line of lot three.

Upon these facts, counsel for plaintiff (appellant) takes the position that the defendant is estopped from asserting an adverse claim

of title to that part of the 40 acres included within the erroneous survey, and that, as against such claim, he is entitled to a judgment, or that he is, at least, entitled to a judgment for the recovery of a proportionate share of the whole sum paid by him to defendant as the purchase price for the tract of land.

The doctrine of estoppel in pais has no application here. The defendant did not, by her acts or her representations, or by her silence when she should have spoken, intentionally or through culpable negligence induce plaintiff to believe that the true east line of lot three was where it had been located and marked by the surveyor. Nor did the plaintiff, when purchasing, act on any belief as to the line induced in such manner by defendant. The surveyor was employed by the latter to locate the east line of lot three, which she then owned. The then owner of the 40 acres upon the east had nothing to do with the survey, and a subsequent purchase by defendant would not give a right of action where none previously existed. It is not a case where a boundary line between landowners has been erroneously fixed by agreement, by acts, or by long-continued acquiescence.

There is no merit in plaintiff's contention that he is, at least, entitled to a money judgment. There were no representations of any kind as to the number of acres in the tract purchased, and there was no covenant as to quantity. The plaintiff accepted the deed describing the land conveyed by boundary lines, and as containing five acres, "more or less." In so far as the number of acres were concerned, he purchased at his peril and is bound by the description, precisely as defendant would have been had there been more than five acres in that portion of lot three lying east of the highway.

Judgment affirmed.