OF

## THE STATE OF IOWA

AT

## DES MOINES, MAY TERM, A. D. 1899,

AND IN THE FIFTY-THIRD YEAR OF THE STATE.

---

T. Lane and George Consigney, Jr., v. John Parsons and Ann E. Parsons, Appellants.

**Land Sale:** DEFICIENCY IN TRACT: *fraud.* An owner of a tract of land, which, according to the government plat, contained a certain number of acres, but, according to fixed boundaries, contained much less, conveyed it in gross. describing it as certain fractional quarters of the government survey, the grantee knowing it had been so originally surveyed. The grantor made no covenant or representation as to the number of acres in the tract, except that he merely stated his belief that, if resurveyed according to the original field notes, it would contain the number of acres as therein shown. *Held*, that the grantee was not entitled to recover for a deficiency.

**Appeal:** PARTIES RELIEVED. Where plaintiff's petition and defendant's counterclaim are dismissed, and the latter only appeals, the former cannot be given any relief.

*Appeal from Webster District Court.*—HON. B. P. BIRDSALL,
Judge.

TUESDAY, MAY 9, 1899.

PLAINTIFFS commenced a suit in equity to reform a deed
made to them by defendants of an hotel property in the city
of Fort Dodge, and to recover the amount of a special assess-
ment for curbing and guttering, levied against the property
conveyed. Defendants filed a counterclaim for the amount
of an unearned premium for insurance upon the property,
which, it is claimed, plaintiffs agreed to pay; and also for
damages for deficiency in the number of acres in a tract of
land they received from plaintiffs in exchange for the hotel
property. They pleaded that they exchanged properties on
the basis that plaintiff's land contained seven hundred and
seventy-eight acres, whereas in truth it contained but six
hundred and thirteen, and that plaintiffs falsely and
fraudulently represented there were seven hundred and
seventy-eight acres in the tract, to their damage. Each party
denies the claims of the other, and on these issues the cause
was tried to the court, resulting in a decree dismissing plain-
tiffs' petition and defendants' counterclaim, and defendants
appeal.—*Modified* and *affirmed*.

*Wright & Wright* for appellants.

*Soper, Allen & Morling* and *Botsford, Healy & Healy*
for appellees.

DEEMER, J.—Defendants, who were the owners of an
hotel property, situated in the city of Fort Dodge, which
was incumbered by mortgage in the sum of three thousand
dollars, and against which a special assessment had
been levied for the sum of four hundred and seventy-
eight dollars, exchanged their property, including the

furniture and fixtures, with plaintiffs, for certain farm lands situated in Clay county, Iowa, which were also incumbered by mortgage for the sum of eight thousand dollars. Each of the parties assumed the payment of the mortgage upon the other's property, and defendants paid plaintiffs the sum of five hundred dollars in addition to the hotel property for the lands. Plaintiffs also assumed and agreed to pay all taxes levied and assessed against the hotel property for the year 1893, and defendants agreed to pay the taxes assessed against the farm property for that year. Defendants estimated their property to be worth fifteen thousand five hundred dollars, if clear of all incumbrances, and plaintiffs put in their lands at the estimated value of twenty-one thousand dollars. Plaintiffs claim that defendants falsely and fraudulently represented that there were no taxes levied or assessed against the hotel property other than those due the county and state, and withheld all knowledge of the special assessment, with intent to defraud them. Defendants deny fraud on their part in making the exchange, say plaintiffs assumed to pay all taxes and assessments, and that the assessment levied against the hotel property was invalid and unenforceable, and further pleaded the counterclaims hitherto mentioned. As we have already stated, the trial court denied the claims of each of the parties, and, as plaintiffs do not appeal, we cannot give them any relief. The sole question in the case relates to defendants' right to recover on their counterclaim. The evidence shows without conflict that plaintiffs agreed to pay the unearned insurance premium, amounting to forty-six dollars and seventy-five cents, that but twenty dollars has been paid, and that defendants are entitled to judgment for the difference, to-wit, twenty-six dollars and seventy-five cents, with six per cent. interest from April 28, 1896. In the deed from plaintiffs to defendants the lands were described as certain fractional quarters of land in sections

7 and 18, in township 97 north, of range 35 west, and there is no other statement or covenant in the deed as to the number of acres conveyed. In order to recover, then, defendants must show that plaintiffs falsely and fraudulently represented the number of acres in the tracts described, or that they purchased the land by the acre, and that the amount paid by them was in excess of the sum they agreed to pay. *Hosleton v. Dickinson,* 51 Iowa, 244; *Belknap v. Sealey,* 14 N. Y. 151; *Ward v. Dean,* 69 Minn. 466 (72 N. W. Rep. 710); *Canal Co. v. Emmett,* 9 Paige, 168; *Powell v. Clark,* 5 Mass. 355; *Allen's Ex'x v. Shriver's Adm'r,* 81 Va. 174; *Pickman v. Trinity Church,* 123 Mass. 1; *Noble v. Googins,* 99 Mass. 235; *Stebbins v. Eddy,* 4 *Mason,* 414 Fed. Cas. No. 13,342. Defendants do not claim there was any mistake, and they do not ask an abatement of the price on account of mutual error as to the subject-matter of the contract; hence we have no occasion to consider what their rights might have been had such an issue been tendered. We may remark, however, that there is no evidence of mutual mistake. The evidence shows that for many years there had been a dispute as to the actual number of acres in these various congressional subdivisions of land. If we take the boundaries as fixed by the highways passing through the lands, then there are but six hundred and twelve acres of land conveyed by the deed. But, if we look to the government plat and field notes, then there are approximately seven hundred and seventy-eight acres of land in the tract conveyed. Just where the original monuments were placed is a matter of dispute, and we do not regard a determination of this question essential to a proper solution of the issues presented by this appeal. It is sufficient to say that we find no actual fraud was committed by plaintiffs in the negotiations leading to the exchange of properties. Both pieces of property were put in at fictitious values, and each party assumed the hazard incident to the exchange, not covered by the covenants of warranty contained in the deeds. Plaintiffs believed that the

lands conveyed by them, if resurveyed according to the origi-
nal field notes, contained, approximately, seven hundred and
seventy-eight acres, and they made no representations as to
the number of acres contained in the tracts as bounded by the
highways, or as defined by the other improvements. Defend-
ants were content to receive whatever the descriptions in their
deeds entitled them to, and knew the lands were originally
surveyed as fractional quarters. While they estimated the
total value of the land by multiplying the number of acres
by twenty-seven dollars, plaintiffs sold the land in gross,
received a gross consideration in exchange, and refused to
covenant as to the number of acres,—as they struck that part
out of the deed. No such false and fraudulent representa-
tions were made by plaintiffs as entitles the defendants to
recover, and, as the sale was in gross, and not by the acre,
there can be no recovery for any deficiency in the quantity
of land conveyed. *Winston v. Browning,* 61 Ala. 80. The
trial court should have allowed defendants the amount of the
unpaid premium for unearned insurance, and the cause will
be remanded for a decree in harmony with this opinion. As
practically all the costs of the appeal were made on the issue
on which the appellants are unsuccessful, they will pay all
the costs in this court, except the sum of five dollars, which
last-named sum will be paid by appellee.—MODIFIED and
AFFIRMED.