CHARLES HANDORF, Appellant, v. ELIZABETH HOES AND
FREDERICK HOES.

**Boundaries:** AGREEMENT: ADVERSE POSSESSION. Where adjoining
land owners agree upon a division line and they and their
grantees recognize the same for a period of more than thirty
years, the rule of adverse possession applies.

*Appeal from Marshall District Court.*—HON. OBED CAS-
WELL, Judge.

MONDAY, JUNE 1, 1903.

ACTION to determine the boundary line between the
parties, who are owners of adjoining tracts of land. De-
cree for defendants. Plaintiff appeals.—*Affirmed.*

*Anthony C. Daly* for appellant.

*C. H. Van Law* for appellees.

McCLAIN, J.—More than thirty years before this action
was brought the then owners of the two adjoining tracts of
land referred to in this action agreed upon a line of cot-
tonwood trees then planted as marking the boundary line
between their two tracts, and they and their grantees have
ever since occupied up to the line thus indicated as their
mutual boundary line. Counsel for appellant contends
that by a subsequent survey it was discovered that the
trees were not upon the true line according to the govern-
ment survey but some distance therefrom, and seeks to
have the title quieted to the strip between the so-called
true boundary line and the line which had been recognized
by mutual agreement. The strip of land in controversy
embraces about two square acres in area. The case is so
clearly one for the application of the rule of adverse pos-

session announced in *Miller v. Mills County*, 111 Iowa, 654, that further discussion would seem to be unnecessary. For a recent application of the rule announced in that case, which is quite pertinent to the case before us, see *O'Callaghan v. Whisenand*, 119 Iowa, 565.

The decree of the district court, which limited plaintiff to the boundary line fixed by agreement and long occupancy, is AFFIRMED.