ELMER JOHNSON and MYRTLE JOHNSON, Appellees, v. ELIZA-
BETH R. TRUMP and A. G. TRUMP, Appellants.

Real property: BOUNDARIES: ACQUIESCENCE. Where a hedge fence had
1 been continuously recognized as the boundary line between adjoin-
ing owners for more than ten years, and possession asserted by each
up to that line, it must be taken as the true boundary line as be-
tween them.

Same: ACQUIESCENCE: VISIBLE BOUNDARY LINES: EFFECT. Where the
2 boundary line between adjoining owner's has been definitely and
visibly fixed and recognized by the parties for a long series of years,
so that an intending purchaser upon seeing the line as marked
would know its purpose, a conveyance by government subdivision,
without any reference to the quantity of land within the visible
boundaries, carried with it only the land within such boundaries,
though less than the full area of the subdivision.

Same: FRAUD: PLEADINGS. In an action for shortage in the acreage of
3 land sold by government subdivision, with no reference to the acre-
age, it is necessary to allege knowledge of the shortage at the time
of the conveyance, to make out a case of fraud. The pleadings in
the instant case fail to charge fraud.

Same: PLEADINGS: EVIDENCE. A plaintiff cannot recover on a distinct
4 cause of action which is pleaded for the first time in his reply.
Thus where the petition, in an action for the value of alleged shortage
in the quantity of land sold and conveyed to plaintiff, failed to
allege that the sale was by the acre and not by the tract, an allega-
tion of such fact in the reply stated a new cause of action and evi-
dence of such an agreement was not admissible.

Same: PLEADINGS: ADMISSIONS: DISMISSAL OF ACTION. Where the
5 plaintiff alleged in his action for shortage in land conveyed to him,
that the boundary line between his grantor and an adjoining owner
cut off from his tract a portion of the land purchased by him, and
asked recovery of the land from the adjoining owner or the value
of such shortage from his grantor, an admission in his reply that the
boundary line had been recognized for such time as to establish it
as such disposed of any further issue affecting the adjoining owner,
and dismissal of the action as to him was proper.

*Appeal from Lucas District Court.*—HON. C. W. VERMILION,
Judge.

THURSDAY, OCTOBER 23, 1913.

ACTION to recover damages for alleged deficiency in quantity of land conveyed. From a verdict and judgment for plaintiffs, the defendants appeal.—*Reversed.*

*Stuart & Stuart,* for appellants.

*Hickman & Wells,* for appellees.

WITHROW, J.—I.   On the 18th day of February, 1911, the appellants, Elizabeth Trump and A. G. Trump, made conveyance to the appellees of certain real estate in Lucas county. The deed under which appellees claim their rights in this action was as follows:   ''Know all men by these presents: That we, Elizabeth Ruth Bonnet Trump and A. G. Trump, wife and husband, of the county of Clark and the state of Missouri, for the consideration of eight thousand and six hundred dollars ($8,600.00) hereby convey to Elmer G. Johnson and Myrtle Johnson, of the county of Lucas and state of Iowa, the following described real estate, situated in the county of Lucas and state of Iowa, to wit:   The E. ½ of the S. W. ¼ of section 6, township 71, range 21.   And warrant the title of the same against all persons whomsoever.   In witness whereof we have set our hands this 18th day of February, 1911.   Elizabeth Ruth Bonnet Trump.   A. G. Trump.''   This conveyance was executed in pursuance of the terms of a written contract previously entered into between E. G. Johnson, one of the appellees, and A. G. Trump and Elizabeth Trump, the name of the latter appearing as having been signed ''by A. G. Trump,'' her husband.   In the contract the same description and consideration were stated; it also providing that all the right, title, and interest were to be conveyed.   The title of the real estate at the time of the contract and deed was in Mrs. Trump.   Of the consideration named one-half was paid in cash, and for the remainder note and mortgage were

given, the mortgage being upon the real estate purchased. At some time after the conveyance and taking possession, Johnsons, the appellants, claim to have discovered that the tract conveyed to them was short in quantity, and that a strip off the south end containing about five acres was owned by another. They brought this action at law to recover the value of such strip of land, the theory upon which such action was brought being stated in their amended and substituted petition as follows: "That the said E. ½ of the S. W. ¼ of section 6, so conveyed by defendants to plaintiffs, by the government survey contains full eighty acres of land, and was so purchased by plaintiffs and conveyed by defendants; but, by reason of the facts hereinafter stated, defendants at the time of said conveyance were not seised of and did not own, and could not convey to plaintiffs, the title to a strip of land off the south end of said eighty acres, of five acres in extent and of the reasonable value of $120 per acre, in the sum of $600. Plaintiffs further state that said strip of land was at the time of said conveyance in the possession and control of one George Y. Bonnet, who was named as a codefendant, and from whom possession had been demanded by plaintiffs, and had been refused. Plaintiffs further state that they are informed and believe that said defendant George Y. Bonnet has been in open, notorious, and continuous possession of said strip of land for more than ten years prior to the date of said conveyance to plaintiffs. But whether such possession has been under claim of right or color of title and adverse to plaintiffs, said grantees, is unknown to these plaintiffs." They plead that the title to the E. ½, S. W. ¼, including the strip of land, was warranted to them in the conveyance, and that the grantors failed and refused to procure seisin and possession of said strip for the plaintiffs, appellees, and have refused to indemnify them for the loss of such land. The prayer is in the alternative, either that they be granted possession of said strip, and that Bonnet be ejected from it, or if the court find the title and right of possession to be in Bonnet, they

then ask judgment against the defendants for its value. The defendants for answer pleaded the conveyance and the receipt of the consideration; that at the date of the sale the land was inclosed on the south end by an osage orange hedge, which had existed for forty-five years, it having been planted in 1870, at which time the then owners of the land had it surveyed, and planted said fence on and along the south side on what was then determined by such survey to be the south line of said eighty acres, and that it has so been recognized by the subsequent and adjoining owners. They aver that plaintiffs examined the tract of land and the fences inclosing it before purchasing, and knew as much as did the defendants as to the lines, and that they offered to defendants the sum of $8,600 for said tract. They also aver that there had been for forty years a public highway sixty feet in width running east and west along the south line of said tract, all of which plaintiff knew. They say that the conveyance to plaintiffs was of the E. ½ S. W. ¼ of section 6, as it now is and has been for forty years, and that they received all that they purchased. They also plead the statute of limitations against plaintiffs' claim. The defendant George Y. Bonnet adopted the averments in the answer of his codefendants. For reply the plaintiffs denied that they had, prior to their purchase, any knowledge or information that the tract purchased by them was not a full eighty-acre tract. That they bought the land at $107.50 per acre, a total of $8,600, and if defendants knew that there was less than eighty acres in the tract, they concealed such fact from the plaintiffs. At the conclusion of the evidence for the plaintiffs they dismissed their action against Bonnet, and upon the submission of the case to the jury a verdict was returned in favor of plaintiffs for $434. Judgment was entered on this verdict against the defendants, from which they appealed.

II. During the progress of the trial evidence was introduced, over the objections of the appellant, tending to show that at the time of the execution of the contract it was agreed

and understood that the land was being purchased at the price of $107.50 per acre, which for eighty acres would amount to the full consideration named and paid. Evidence also was introduced, showing the value per acre of the land, to determine the amount of recovery upon the theory of the case advanced by the appellees. All of this evidence was objected to, and its admission is assigned as error. The trial court gave to the jury certain instructions, stating the rule adopted by it as to the right of recovery, the giving of which is assigned as error, and refused certain instructions requested by the appellant, and error is charged because of such refusal. The core of the contention, about which center all objections as to evidence and instructions as above noted, is the question as to the right to recover as upon a breach of covenant of warranty for a shortage in the land conveyed, where the boundaries of the conveyed tract are visible and have been recognized and acquiesced in by the adjoining proprietors for such length of time as under the law, as between them, determines the true line, and where the conveyance is by general description, as the E. ½, S. W. ¼, for a given consideration, and contains no other statement as to quantity.

III. It is settled by a long line of our own cases, as well as by the decision of the courts generally, that where adjoining proprietors have acquiesced in a certain line, with possession up to it for a period of ten years, such is to be taken as the true boundary line between them. *Davis v. Curtis,* 68 Iowa, 66; *Miller v. Mills County,* 111 Iowa, 654; *Kulas v. McHugh,* 114 Iowa, 188; *Corey v. Ft. Dodge,* 118 Iowa, 742; *Handorf v. Hoes,* 121 Iowa, 79. The record in the present case, as shown by the pleadings of both parties and by the evidence, permits no doubt that a prior owner of the land which is the subject of the conveyance in controversy and his neighboring owner on the south, to settle the true boundary, adopted a hedge fence as the true line between them, and this was continuously so recognized by adjoining owners for more than

1. REAL PROPERTY: boundaries: acquiescence.

thirty years. The evidence also was of such character as to warrant the jury in its finding that the line as thus adopted took from the original E. ½ of S. W. ¼ about four acres, and that the amount received by the appellees as grantees was, to that extent, less than the amount included within the original survey. It also is quite clear from the evidence that the boundary of the purchased tract upon the south was clearly marked by the hedge fence, immediately south of that there being a public highway. We have no doubt, under the rule so frequently stated in our own decisions, that as between the adjoining proprietors who recognized the hedge fence as the true line a general description of the E. ½ of S. W. ¼ would carry no more than was contained in its visible boundaries.

IV. That conclusion, however, does not reach to the limit of the claim made by the appellees. It is urged by them that, whatever may have been the rights as between the adjoining proprietors, which would be governed by the rules of acquiescence or estoppel as to purchasers under a general description such as is contained in the deed in controversy, the grantees in such conveyance were entitled to recover the full quantity of land embraced in the government survey of the E. ½ of S. W. ¼, and if any part of it had been permitted to be alienated, to that extent there was a breach of the covenant of warranty, which would entitle them to recovery in this action. It will be noted that neither the deed nor the contract upon which it was based contained any reference to the quantity of land conveyed, save that which might be inferred from the terms of description employed. There was no "more or less" provision, which in many of our cases has been construed to be a clause protecting the grantor against slight differences in quantity resulting from the not infrequent variations between the amount found by actual survey and that stated in the conveyance. There was but the bare description of the E. ½ of S. W. ¼ in the conveyance from Trump to Johnson. True,

2. SAME: acquiescence: visible boundary lines: effect.

as a mathematical result, that purports to convey eighty acres, if it be construed as a statement of quantity. But the rule which approves itself to our minds, and which fixes such as a matter of description and not of quantity, has clear expression in Rawle on Covenants, section 297, with cases cited, which is as follows: "Where the land is conveyed by a particular description, and with an enumeration of the quantity of acres, the latter is held to be matter of description merely, and cannot be deemed an implied covenant for quantity." While the rule thus stated contains as an element the clause "and with an enumeration of the quantity of acres," its application is of no less strength where, as here, that provision or description does not appear; on the contrary, there appears the more compelling reason for its recognition. The same rule is recognized in *Mann v. Pearson,* 2 Johns. (N. Y.) 37; *Perkins v. Webster,* 2 N. H. 287; *Large v. Penn,* 6 Serg. & R. (Pa.) 488.

When a condition arises under which a right of recovery is permitted for a substantial shortage in quantity, such is based upon the theory of fraud or mistake which affords grounds of equitable relief. *Bellamy v. Mc-. Carthy,* 75 Tex. 293 (12 S. W. 849); *Lane v. Parsons,* 108 Iowa, 241. There is no direct charge of fraud in the present case. In the reply it is pleaded that "if defendants knew that such deficiency in fact existed, as they now concede, they carefully concealed such fact from these plaintiffs, both in the negotiations for the purchase and in the deed of conveyance therefor." It did not charge knowledge at the time, which was necessary before there could be concealment. We think it was insufficient as an averment of fraud, even had it been made in the petition and not in the reply. We are therefore limited to the main inquiry, unrelieved by pleaded facts which, under some conditions, afford an exception to the rule. In cases which, in principle, cover this question, this court has held that where a sale is by the tract, without reference to negotiation or estimated quantity

3. SAME: fraud: pleadings.

of acres, in the absence of proof of fraud or mistake the court will not interfere. *Rathke v. Tyler,* 136 Iowa, 284; *Kitzman v. Carl,* 133 Iowa, 340; *Lane v. Parsons, supra; Hosleton v. Dickinson,* 51 Iowa, 244. The Michigan case of *Veltmans v. Kurtz,* 167 Mich. 412 (132 N. W. 1009, 36 L. R. A. (N. S.) 558), is directly in point, and is supported by many cited authorities. In that case there had been a conveyance of the W. ½ of N. E. ¼ of section 30, in a given township and range. There proved to be a shortage of about four acres. The lines of the conveyed tract were marked by fences which had been recognized by adjoining proprietors for the period of limitation as being on the true line. The Michigan court held that where a line is thus established and defined, it will thereafter control the deeds of the parties. The basis of the rule is upon the other principle, recognized by this court and stated earlier in this opinion, holding adjoining proprietors to the boundaries fixed and recognized by them, and to our minds the application of the rule to subsequent conveyances, when the boundaries thus fixed are visible and known, is not only reasonable but necessary. It is a well-known fact that monuments which mark original government surveys are in many cases wholly lost or obliterated, and in others the proof to establish them is of an uncertain nature. It is also of common knowledge that throughout the state, and indeed, generally, to make certain as between themselves that which has been uncertain, a line or boundary is fixed by adjoining owners, which the courts, in the interest of settled rights, have come to regard as the true line where recognized for the period of limitation. Where the line so fixed is definitely and visibly marked, so that an intending purchaser, even without inquiry, may see and know its purpose, we think the rule a just one, which, in the absence of fraud or mistake, gives to the description covered by his purchase the acreage which time and recognition have fixed.

V. Instruction No. 11, given by the trial court, was as follows: "(11) The fact, if it be a fact, that prior owners

of the said east half of the southwest quarter of section 6 and of the land lying south thereof agreed on the hedge south of the public highway as the boundary between their respective tracts of land would constitute no defense in this action if, in fact, said east half of the southwest quarter of section 6 extended south of said public highway, or if the sale in question was by the acre and plaintiffs received less land than they paid for.'' The same idea was included in other instructions which were given, and as to all of them error is urged. Appellant requested three instructions, embodying under the several lines of view that might arise under the evidence the rule which we conclude in the preceding division to be applicable. It follows that there was error in giving the quoted instruction and others similar to it.

VI. We have noted that error is claimed in admitting testimony of an understanding that the sale was by the acre. Even though it should be proper to hold, which we do not, that under such a conveyance as is the basis of this action, such evidence would be competent, if the issue were properly raised, there is the further condition to be noted that the plea that the sale was so made appears only in reply. It was no part of the original petition, nor would it have been a relevant claim in the petition unless pleaded and relied upon as a separate count. A plaintiff may not be permitted to recover on a distinct cause of action which is pleaded only in his reply. *Marder v. Wright,* 70 Iowa, 45; *Hunt v. Johnston,* 105 Iowa, 311. To all evidence of this character, objection was made at the time it was offered, the objection being on the ground of incompetency and immateriality, and also that it sought to vary by parole the terms of the deed. We are of opinion that it was error to have admitted it, as it had no proper relevancy to the real issues.

VII. Against the objections of the appellant the appellee was permitted to dismiss his claim against Bonnet, and such

is assigned as error. In their answer, and by statement of counsel, during the trial, title to the disputed strip was conceded to be in Bonnet. It was in effect so claimed by the appellee. The question whether the hedge fence had been acquiesced in as the true line of division, and had been so recognized by adjoining proprietors for such length of time as to work an estoppel, was no longer an issue, as by pleadings and concession it had been removed from the field of dispute.

5. SAME: pleadings: admissions: dismissal of action.

VIII. Other errors are presented as to admitting evidence and the giving of instructions, all of which are governed by the conclusions above stated, and we need not further discuss them.

Because of the errors pointed out, the judgment of the trial court is *Reversed.*

WEAVER, C. J., and DEEMER and GAYNOR, JJ., concur.