JOHN BEHREND, Appellee, v. FRED HARTWIG, Appellant.

Real property: RECOVERY OF POSSESSION: SPECIAL INTERROGATORIES. In actions for the recovery of real property it becomes important to determine the intent and quantity of plaintiff's estate, and for, the verdict to describe the premises by metes and bounds or by other sufficient description; so that where plaintiff sought to recover a strip of land between a division fence built by defendant and the true line, a special interrogatory calling for the distance between the fence and the old line, if acquiesced in, was properly submitted.

Same: BOUNDARIES: ACQUIESCENCE: INSTRUCTION. Where plaintiff definitely pleaded that the division line between himself and defendant had been recognized and acquiesced in by them for a long series of years, failure of the court to charge that if plaintiff only claimed to the true line called for in his deed he could not recover, was not erroneous; the court having required plaintiff to establish his theory of the case and no such instruction was requested.

*Appeal from Cedar District Court.*—HON. F. O. ELLISON, Judge.

SATURDAY, MAY 16, 1914.

ACTION to recover possession of real property, and for damages. From a verdict and judgment for plaintiff, the defendant appeals.—*Affirmed.*

*J. C. France,* for appellant.

*W. G. W. Geiger,* for appellee.

WITHROW, J.—I. This action arises out of a dispute between owners of adjacent land as to their boundary line. The claim of the plaintiff is that for more than thirty years a fence was maintained by the respective owners along what was supposed to be the true line, and that it was recognized and

acquiesced in for that period as the true line. In this action, which was brought at law, he asks that he be awarded the possession of the land between the line thus acquiesced in and the new fence line wrongfully built by the defendant, and for nominal damages. The defendant denies that there has been acquiescence in the fence line as the true line, and further pleads that it was mutually agreed between the parties in 1910 that as a part of their mutual obligations to maintain a division fence the defendant should put in the south half of the fence separating their eighty-acre tracts, and that it should be built on the line, and that in pursuance of such agreement he did rebuild part of his fence, and placed it on the true line between the tracts. The plaintiff denied that there was any agreement to place the new fence on any other than the old line. The cause was tried to a jury, resulting in a verdict for the plaintiff for damages, and awarding him possession of the disputed land, with a special finding that the fence built by the defendant was twenty-two inches west of the old line fence at the north end. On the return of the general verdict and the special finding the trial court entered a formal order and judgment fixing the line as claimed by plaintiff and found by the jury, and directing the removal of the new fence to the old line within thirty days. From this judgment and order, the defendant appeals.

II. The assignment of errors in the main goes to the sufficiency of the evidence to sustain the verdict, and that it is contrary to law.

We deem it unnecessary to set out the evidence in detail. It tended to show, and from it the jury had basis for its finding, that the old fence line had been maintained by the adjoining proprietors as the true line, and so acquiesced in for a period long beyond that fixed by the statute of limitations, and that that part of the fence which was rebuilt by the appellant was at its north end over the old line, and moving southerly in line with its northern point appropriated a strip triangular in shape which had formerly been used as

a part of plaintiff's land up to the old fence boundary. There was dispute upon the question of the line, and evidence tending to show that the new fence was built upon the true line as determined by a surveyor, and that a visible monument was not only in line with a new fence, but substantially also with the old fence line. There was the usual variance in the testimony of witnesses as to measurements; but the finding of the jury had support in that respect. As to the claim of the appellant that there had been an agreement to place the new fence on the true line, and the denial of that claim by the appellee, we find in the evidence that which fully warrants the jury in its finding, necessarily inherent in the verdict under the instructions given, that the appellant had failed to meet the burden upon him to establish it.

III. Criticism is made, but in a most general way, of instructions Nos. 3, 4, 5, and 7 given by the trial court. The first three of the criticised instructions submitted the case to

1. REAL PROP-      the jury upon the theory of acquiescence
ERTY : recovery
of possession :    relied upon by the appellee, and in full accord
special inter-
rogatories.        with the rule so often recognized by this court
as to the true test in determining boundary lines when there is a dispute as between what is claimed to be the true line and a line established by acquiescence. *Miller v. Mills Co.*, 11 Iowa, 654; *Andrews v. Meredith*, 131 Iowa, 716; *Johnson v. Trump*, 161 Iowa, 512.

Instruction No. 7 submitted to the jury for answer the special interrogatory: "If you find that the line where the old fence stood has been acquiesced in by the parties, how far is the new fence west of the old line?" It was important for the trial court to know, that its order of possession might be definite, the actual amount of land which had been wrongfully appropriated, should the jury find against the defendant; and the requested finding was quite within the power and right of the trial court under Code, sections 3727, 4195. We find no error in the criticised instructions.

IV. Error is charged in the failure of the trial court to

instruct the jury that, if plaintiff claimed only to the true line called for in his deed, then he could not recover. Two answers may be made to this objection: The theory of plaintiff's case, which was definitely pleaded, was that the line claimed by him had been recognized and acquiesced in as the true boundary, and the case was so submitted to the jury in the instructions which were given. He did not rely upon the technical true line, which might be determined by a survey, as distinguished from that which had been recognized and accepted as the true line. On this question the trial court properly placed the burden upon the plaintiff, and it was not called upon by a requested instruction, nor would it have been proper under the issues to instruct as appellant now claims should have been done.

2. SAME: boundaries: acquiescence: instruction.

V. It is urged that the trial court erred in entering judgment and decree on the verdict and answer to the special interrogatory. This is based upon what appellant claims to be a dearth of facts to support the findings, and also that the order of the court in definitely describing the line measuring from the point fixed by the jury as being on the land of appellee was not based on the evidence. An examination of the record satisfies us that this criticism cannot be upheld.

The verdict and judgment had support in the evidence. We find no reason for disturbing the judgment of the trial court, and it is—*Affirmed.*

LADD, C. J., and DEEMER and GAYNOR, JJ., concur.