GEORGE J. SCHAEFER v. F. H. NYLIN.[1]

February 27, 1925.

No. 24,420.

**Finding sustained that true agreement was lease with interlineation.**

A lease was made in duplicate and signed by lessee. Before lessor signed, a material interlineation was made in the copy received by lessor but, by inadvertence, it was omitted from the copy received by lessee. Lessee assigned the lease to defendant and lessor consented thereto in writing, believing it was a duplicate of the one he held. Lessor assigned his lease, conveyed premises to another who in turn assigned and conveyed to plaintiff. *Held*: (1) That the evidence supports the finding of the trial court that the lease with the interlineation and held by the lessor represented the true agreement of the parties; and (2) that before defendant could invoke the doctrine of estoppel by conduct he must show that he has been led thereby to change his position for the worse.

*Headnote. See Estoppel, 21 C. J. p. 1113, § 116; p. 1251, § 267, p. 1252, § 269.

Action in the municipal court of Minneapolis for restitution of certain premises. The case was tried before C. L. Smith, J., who ordered judgment in favor of plaintiff. From the judgment, defendant appealed. Affirmed.

[1]Reported in 202 N. W. 439.

*William E. MacGregor* and *Irving J. Clark*, for appellant.
*Norton & Norton*, for respondent.

WILSON, C. J.

One Thorbus leased an apartment building to one Davidson for the term of five years from December 31, 1918. Davidson signed the lease in duplicate and submitted them to Thorbus for execution. He refused to sign and in the presence of Torrance, the broker handling the business, 'phoned Davidson that Thorbus would not consent to the option in the lease for a renewal of five years after the expiration of the term on December 31, 1923, but would sign if an interlineation was made to the effect that option would be good only in the event of Thorbus being the owner at the expiration of the original term. Davidson agreed to this. The trial court so found. The interlineation was written in one copy given Thorbus and inadvertently omitted from the one given to Davidson. Thorbus supposed the change was made in both papers. On September 29, 1920, the lessee assigned his lease to defendant, to which Thorbus gave his written consent under the supposition that the lease assigned was a duplicate of the one he held. Defendant has been in possession ever since. He apparently supposed he was getting an unqualified option as specified in the lease assigned to him. He later gave the notice required by the lease to avail himself of the option. Thorbus in February, 1922, sold the premises and assigned his lease to one Joncas who in June, 1923, sold the premises and assigned the lease to plaintiff. Upon the expiration of the term on December 31, 1923, this action was brought in forcible entry and detainer. Defendant asserted the lease in the form it came into his hands. Defendant now appeals from a judgment entered against him for the restitution of the premises.

The findings of the trial court determine that the duplicate copy of the lease as held by the landlord was the true agreement as made by the parties. This finding is amply sustained by the evidence. The result of such findings is that the lease, in the form held by the tenant Davidson, did not express the true agreement

and he did not in truth have the option as expressed in his copy of the lease. On the other hand, the plaintiff acquired the other duplicate copy evidencing the true agreement.

Defendant now says, since this difficulty is directly attributable to the acts of Thorbus, plaintiff's grantor, in putting this false lease in the hands of Davidson and then giving his written consent to its assignment to defendant, that the doctrine of estoppel should now protect him and that plaintiff should not be permitted to question the validity of the lease as held by him.

The general elements of estoppel have been well expressed by this court. Dimond v. Manheim, 61 Minn. 178, 63 N. W. 495. A person may be guilty of such culpable negligence as to invoke the doctrine of estoppel against him. Ward v. Dean, 69 Minn. 466, 72 N. W. 710; 21 C. J. 1126; 10 R. C. L. 695. No estoppel arises where the conduct of the party sought to be estopped is due to ignorance founded upon an innocent mistake. 21 C. J. 1125; 10 R. C. L. 695. But, whether the conduct of plaintiff's grantor may be said to be negligence, we need not consider for the very simple reason that before defendant can successfully invoke estoppel by conduct he must show that he "has been led thereby to change his position for the worse." Dimond v. Manheim, 61 Minn. 178, 181, 63 N. W. 495; Nell v. Dayton, 43 Minn. 242, 45 N. W. 229, 21 C. J. 1060, 1113, 10 R. C. L. 697; Board of Co. Commrs. v. Gray, 61 Minn. 242, 63 N. W. 635; Macomber v. Kinney, 114 Minn. 146, 155, 128 N. W. 1001, 130 N. W. 851; Purcell v. Thornton, 128 Minn. 255, 150 N. W. 899. In this case the defendant has made no effort to show that he has been prejudiced or that he has in any way changed his position for the worse because of the facts involved. This cannot be presumed. It was a matter calling for proof, and in the absence of proof of this essential element of estoppel that remedy is not available to defendant.

Affirmed.