## CLARA MEYERS REINEKE v. PETER SCHLINGER AND ANOTHER.[1]

December 18, 1953.

No. 36,064.

[1]Reported in 61 N. W. (2d) 505.

Nelson, Casey & Tripp, for appellant.

Lord & Walbran and Moonan, Moonan, Friedel & Senn, for respondents.

CHRISTIANSON, JUSTICE.

Action is brought by plaintiff to enjoin defendants Peter and Mathilda Schlinger from obstructing a driveway. The trial court made findings of fact and conclusions of law against plaintiff and ordered judgment for defendants. Thereafter plaintiff made an alternative motion for amended findings and conclusions of law or for a new trial, which was denied. She appeals from the judgment subsequently entered.

Plaintiff and defendants own adjoining lots on the north side of East School street in Owatonna, Minnesota. Each lot is 54 feet wide. A driveway which overlaps the boundary line between their lots extends from the street to their respective garages in the rear. Plaintiff's house is eight feet west of the common boundary line, and defendants' house is twelve feet east of the common boundary line. Following a dispute as to the use of the driveway, defendants erected a row of posts just east of the boundary line blocking the driveway, whereupon plaintiff commenced this action in October 1950.

Plaintiff purchased her lot in 1939 from Louis A. Degner, who had acquired the lot in 1923 from Abbott W. Sawyer, who had purchased the lot from the common source of title, Georgiana Morton, in the same month of 1923. Defendants purchased their lot in 1925 from Amanda Enney, who had acquired the lot in 1915 from the common source of title, Georgiana Morton. There is no reference to the driveway in any of the conveyances. The record does not disclose when the driveway was established, but it was in existence when Degner took possession of the property now owned by plaintiff in 1923. Since that time the driveway has been used continuously by the occupants of both lots.

Defendant Peter Schlinger testified at the trial to a conversation he had with Louis A. Degner with reference to the driveway in 1925 as follows:

"Well, I [Schlinger] says, now I want you to be that we nearly know what the line is so that we are both satisfied. Oh, well, he [Degner] says, I drive over with one wheel across the line and maybe you come over a few inches, it is all okay with me if it is with you. Well, I [Schlinger] says, you are the doctor.

\* \* \* \* \*

"Well, I says to Lou [Degner], I says, you are driving over some on mine, and I would have the car shed correct. Well, he [Degner] says, let it go. I won't claim any of yours and you don't I suppose claim any of mine. I says, fine and dandy. And that is the way it was left."

He further testified that this was the only time that the driveway was mentioned throughout Degner's occupancy of the lot and that Degner's use of the driveway was substantially the same during the entire period.

In 1947 the city of Owatonna installed curbing along East School street. C. Dale Pihlstrom, the city engineer, testified that he discussed the location of the driveway entrance with defendant Peter Schlinger, that Schlinger pointed out the property line, and that Schlinger stated that he wanted to pay for his own driveway. Pihlstrom also testified that, although he could not recall whether the "word joint driveway was used," the substance of the conversation was that it would be constructed as a joint driveway. Defendant Peter Schlinger testified that Pihlstrom asked him whether the city should install a single or a double driveway entrance and that he told Pihlstrom that he wanted his own driveway. The city installed a concrete entrance to the driveway 16 feet wide; eight feet of the entrance was located on each lot with an expansion joint at the boundary line. The assessment was divided equally between plaintiff and defendants. Plaintiff testified that she had expended various sums for gravel and crushed rock which were used on the driveway as a whole. Defendants denied this and asserted that

plaintiff had never aided in the upkeep of that portion of the driveway on defendants' lot.

■ Plaintiff contends that she has acquired an easement by prescription for right-of-way purposes over that portion of defendants' lot included in the driveway. Since plaintiff did not acquire title to the property she now owns until 1939, a period of 11 years before the commencement of this action, it was necessary for her, in order to establish the 15 years of prescriptive use, to tack on to her 11 years' use a similar use by her predecessor in title, Louis A. Degner. She maintains that the trial court's finding that Degner's use of the driveway was permissive and not hostile or adverse is erroneous and finds no support in the record.

In Dozier v. Krmpotich, 227 Minn. 503, 507, 35 N. W. (2d) 696, 699, this court stated:

"* * * Where the claimant of an easement by prescription has shown open, visible, continuous, and unmolested use for the statutory period, inconsistent with the rights of the owner of the servient estate and under circumstances from which his knowledge and acquiescence may be inferred, the use will be presumed to be under claim of right and adverse, so as to place on the owner of the servient estate the burden of rebutting the presumption by evidence that the use was permissive."

Such is the situation presented in the instant case, and the first question before us is whether, in view of the facts and circumstances presented, the conversation referred to between Degner and defendant Peter Schlinger is sufficient to support the trial court's finding that Degner's use of the driveway was permissive. If not, the presumption of hostile user for the full statutory period prevails, and plaintiff's contention must be sustained.

Plaintiff argues that the quoted conversation can only be construed to be a mere acquiescence on the part of defendant Peter Schlinger in the exercise of hostile or adverse rights by Degner as opposed to a grant of permission or license. In support of her position plaintiff cites Alstad v. Boyer, 228 Minn. 307, 37 N. W. (2d) 372. In that case the driveway was established pursuant to an oral

agreement whereby each party agreed to furnish six feet of land adjacent to the division line between the two properties, and the driveway was subsequently surfaced by the parties with concrete. In sustaining the trial court's finding of an easement by prescription, this court held that the oral agreement and facts there presented precluded any possibility that the parties intended or thought that it was a mere license subject to revocation at any time and that there was nothing in the record to rebut the presumption of hostile user.

In the case at bar, the driveway was established prior to the occupancy of either Degner or defendants. The conversation between Degner and defendant Peter Schlinger indicates that a permissive use rather than a grant of a permanent easement was intended, and, viewing the evidence in the light most favorable to the trial court's finding, it appears that the only subsequent conduct of the parties to the conversation which aids in the interpretation thereof is their continuous use of the driveway over a long period of time. Their continuous and unmolested use of the driveway is consistent with a mutual grant of permission or license and there is nothing in the facts and circumstances surrounding their conversation which would compel a finding that the parties intended thereby to grant each other a permanent easement. Therefore, we are of the opinion that the trial court's interpretation of the conversation as a grant of permission by each to the other to use that portion of the driveway on the other's lot on the condition that neither would ever make any claim against the other, rather than as a mutual expression of mere acquiescence in such use by the other, finds reasonable support in the evidence. It therefore follows that the trial court's findings that Degner's use of that portion of defendants' lot included in the driveway was permissive and not hostile or adverse and that plaintiff did not acquire an easement by prescription are adequately sustained by the evidence.

■ Plaintiff also contends that defendants are estopped from denying her use of that portion of the driveway located on defendants' lot. The trial court denied plaintiff's request for a finding in

her favor on this issue. However, plaintiff maintains that, since defendants knew that she was using the driveway as a joint driveway, since they failed to inform her that it was not a joint driveway and that she had no right to use that portion thereof located on defendants' lot until October 1950, and since she had the city install the concrete driveway entrance in 1947 on her lot, defendants are estopped as a matter of law from denying her full use of the driveway. Before one can successfully invoke the doctrine of estoppel by conduct, he must show that he has been led thereby to change his position for the worse. Kavalaris v. Cordalis, 219 Minn. 442, 18 N. W. (2d) 137; Schaefer v. Nylin, 162 Minn. 170, 202 N. W. 439; 6 Dunnell, Dig. (3 ed.) § 3192. In view of the fact that the portion of the driveway entrance on plaintiff's lot is eight feet wide and is capable of independent use, we cannot say as a matter of law that plaintiff's installation of that portion of the driveway entrance on her lot prejudiced her or that by reason of the installation thereof she changed her position for the worse. Therefore, without considering the other essential elements for an estoppel, we conclude that the trial court was justified in refusing to find against defendants on this issue.

This court cannot judge the credibility of the witnesses. Viewing the evidence in the light most favorable to the defendants, as we must, it is our opinion that the judgment for defendants should be affirmed.

Affirmed.

MR. JUSTICE FRANK T. GALLAGHER took no part in the consideration or decision of this case.