DANIEL G. SHILLOCK *vs.* JOSEPHINE B. GILBERT.

March 20, 1877.

Execution of Conveyance—Signature under Attestation Clause held not an Execution.—An important question in this case is whether a certain sealed instrument is the deed of Joseph M. Campbell, who, at the time the deed was made, was the owner of certain land described therein, and a minor. To make the instrument his deed, it must have been signed and sealed by him or for him. The signature opposite the seal was "Joseph Campbell," and it was written by Antoine Joseph Campbell, the natural father of Joseph M. Campbell. Joseph M. Campbell wrote his name under the attestation clause, in the place for the signature of a witness. There is nothing in the case showing, or tending to show, that the signature, "Joseph Campbell," written opposite the seal, was put there as the signature of Joseph M. Campbell, or that he either expressly or impliedly requested it to be put there as his signature, or for him, or that he adopted it or recognized it as his signature, or as written for him, nor that he acknowledged the instrument to be his deed. Neither is there anything in the case showing, or tending to show, that Joseph M. Campbell supposed, or had any reason to suppose, that any of the parties to the business believed or imagined that the signature "Joseph Campbell" was the signature of Joseph M. Campbell, or written for him. *Held*, 1. That the instrument is not the deed of Joseph M. Campbell.

Same—Such Signer not Estopped to Deny the Instrument to be his Deed.—2. That

.Joseph M. Campbell is not estopped to deny that the instrument is his deed, or that it conveyed the land, by his receipt of the whole or a part of the purchase-money, since no person was induced to believe anything that was not true by any acts, representations, or silence upon his part.

**Same—In such Case such Signer need not Restore Purchase-money to Regain the Land.—3.** That, the instrument not being the deed of Joseph M. Campbell, no question of disaffirmance arises in this case, nor any question as to the obligation of Joseph M. Campbell to refund any money received by him from the defendant, or any one for her.

**Same—Person in Possession under such Deed has no Claim to be Repaid Taxes Paid by Him.—4.** That as defendant had no title to the lands to which the action relates, and as from the facts in the case she must be charged with notice of her want of title, her payment of taxes upon the same was entirely gratui- tous, and she is not in law entitled to insist that she shall be reimbursed by the plaintiff.

Plaintiff, in his complaint, alleges that, on September 10, 1875, Joseph Campbell, the original patentee of certain described land in McLeod county, and being of lawful age, conveyed the same in fee, for a valuable consideration, to the plaintiff, by deed bearing date on that day, and duly recorded on September 13, 1875; that the defendant fraudulently and wrongfully procured, and caused to be recorded on July 29, 1872, a pretended deed of the same land, purporting to have been duly made, executed, and acknowledged by said Joseph Campbell to the defendant, in consideration of $800, on July 25, 1872, at which date the said Joseph Campbell was a minor, of the age of seven- teen years, having been born on August 25, 1854; that such pretended deed to defendant was never made, executed, or acknowledged by said Joseph Campbell, nor did he ever receive or acknowledge the receipt of any part of the con- sideration therein expressed; but that the deed was forged by some person unknown to plaintiff, and the same and the record thereof is a cloud on the plaintiff's title.

The complaint also alleges, as a second cause of action, the wrongful and fraudulent procurement, by defendant, of a certain tax deed of the land, reciting that it had become forfeited to the state for non-payment of taxes for the years 1867–1871, and, being the absolute property of the state,

was subject to sale, and had been sold to defendant at private sale, all which recitals were untrue, the land not having been assessed or sold for taxes for those years; and that such tax deed and the record thereof is a cloud on the plaintiff's title.

For a third cause of action the plaintiff alleges that he is the owner in fee of the described premises, that they are vacant and unoccupied, and that defendant claims an estate or interest therein adverse to plaintiff, which claim is unjust.

Judgment is demanded that the pretended deeds and the records thereof be declared void and cancelled; that defendant's adverse claim be declared void, and defendant enjoined from asserting the same; that the plaintiff's title be confirmed and quieted, and for general relief.

The answer consists of a general denial; a particular denial of the forgery alleged in the complaint; an averment of defendant's title in fee to the land, under her deed from Campbell, and that she paid therefor the sum of $600; a denial of plaintiff's ownership of the land; an averment that his deed from Campbell is a forgery; and a prayer that defendant be adjudged to be the owner of the premises, and for general relief.

The action was tried in the district court for McLeod county, before *L. M. Brown*, J., whose findings of fact in regard to the defendant's title are stated in the opinion. He also found that the title of plaintiff was as set forth in the complaint, and that plaintiff took his deed from Joseph M. Campbell, " with full and actual knowledge of the state and condition of the title of said land, as the same appeared of record in said county, and, constructively, of all the rights and equities of the defendant therein and thereto;" and that defendant's husband, for her benefit, had paid a large amount of taxes which had been assessed and had become a charge on the land, but that the land had never been returned as delinquent for the non-payment of taxes for any year.

As conclusions of law, the court found that the deed to defendant was sufficiently executed and acknowledged to make it the deed of the infant, Joseph M. Campbell, and that, by reason of the payment of the purchase-money by defendant, (in the manner stated in the opinion,) the defendant was in all respects a *bona fide* purchaser for a valuable consideration; that Joseph M. Campbell never did anything, after coming of age, from which a ratification or affirmance of his deed to defendant could be inferred, and that, by his deed to plaintiff, he disaffirmed and revoked his deed to defendant, so far as equity would permit him so to do; but that, by reason of plaintiff's knowledge of the existence of the deed to defendant upon the records of the county, he was put upon enquiry as to the genuineness thereof, and of the other circumstances connected therewith, and that he must abide the case of his grantor.

Judgment was ordered for plaintiff, for the relief prayed in the complaint, on condition that he repay to defendant the purchase-money paid by her, with 7 per cent. interest, and repay to her all sums paid by her for taxes on the land since July 25, 1872, with 7 per cent. interest, and, on non-performance by plaintiff of these conditions within thirty days after written notice of the order, then judgment to be entered for defendant for the relief prayed in the answer. The plaintiff having neglected to comply with the conditions, judgment was entered for defendant, pursuant to the order, and plaintiff appealed.

*Davis, O'Brien & Wilson* and *M. O. Little*, for appellant.

*A. P. Fitch* and *H. J. Peck*, for respondent.

BERRY, J. It is found by the court below that Joseph M. Campbell was the owner of certain land, (being the same hereinafter referred to,) under a patent running from the United States to him, by the name of Joseph M. Campbell, and that, at the time of the conveyance, hereinafter mentioned, to defendant, said Joseph M. Campbell was a minor.

The court further finds as follows, viz. : "I find that on or about the 25th day of July, A. D. 1872, a deed of conveyance to the defendant in this action, of all the land hereinbefore described, in the usual form, and with the usual covenants of warranty, (and which is the same land that is, in this action, in controversy,) was made in the office of Francis X. Brosseau, in the city of St. Paul ; that on the day last aforesaid the said Joseph M. Campbell, and the said Brosseau, and Antoine Joseph Campbell, (who was and is the natural father of said Joseph M. Campbell,) were each and all present in the said office of said Brosseau, and that said Brosseau, acting as a broker, and for his own benefit, negotiated a sale of the said land to the defendant in this action, with said Antoine Joseph Campbell, father as aforesaid ; that said Joseph M. Campbell fully understood the said transaction, and fully consented thereto, and fully intended to convey the said land by means of the acts hereinafter stated, so far as he lawfully could do so ; and that thereupon said Brosseau produced and laid before the said father and son the aforesaid deed of conveyance to said defendant ; that thereupon said A. J. Campbell and Joseph M. Campbell signed the said deed in the manner following, to wit : said Antoine Joseph Campbell wrote the words, 'Joseph Campbell,' opposite the printed seal on said deed, and said Joseph M. Campbell wrote his own proper name, viz., Joseph M. Campbell, at the left of, and two lines lower down than, the words so written by his father, and in the place upon said deed where the first witness to said deed should have signed ; so that said signing and execution of said deed appears in the following form, to wit :

'JOSEPH CAMPBELL. [Seal.]

' Signed, sealed, and delivered

  in the presence of

' JOSEPH M. CAMPBELL,

' ALBERT SCHEFFER.'

  " That, immediately after the signing of said deed, as

aforesaid, by the said Joseph M. and A. J. Campbell, the said Brosseau, the said Joseph M. Campbell, and the said A. J. Campbell left the office of said Brosseau, and repaired together in company to the bank in said city of St. Paul, known as 'Dawson's Bank,' said Brosseau carrying with him said deed; that, after entering said bank, said parties found therein, among others, Albert Scheffer, who was an officer in said bank, and also a notary public, duly appointed and qualified to take acknowledgments of deeds and other writings; that said deed was, by said Brosseau, handed to said Scheffer, with the request that said Scheffer should sign the same as a witness, and to take and certify the acknowledgment thereof; and that said Scheffer did then and there sign said deed as a witness thereto, and immediately beneath the name of Joseph M. Campbell, so signed as aforesaid, and in the proper place in said deed; that said Scheffer signed the certificate of acknowledgment in the presence of each of these persons, viz., Brosseau, A. J. and J. M. Campbell; that said A. J. Campbell was introduced to Mr. Scheffer, but whether said Joseph M. Campbell was so introduced to, or made acquainted with, Mr. Scheffer, or whether any acknowledgment of said deed was in fact made in words, or in any manner other than by the aforesaid acts of said parties, does not appear by any evidence offered upon said trial.

"That immediately upon the acknowledgment of said deed, as aforesaid, the same was handed to said Brosseau, and the said Brosseau thereupon presented to said bank an ordinary bank check, drawn upon said bank by one G. K. Gilbert, (who then was and still is the husband of the defendant, Josephine Gilbert, in this action,) and which said check was then and there so drawn for the sum of $600, and was then and there paid in full to said Brosseau by said bank, and the same was, by said bank, charged to and deducted from the moneys deposited in said bank to the credit of said G. K. Gilbert; and that immediately

upon the receipt of said sum of $600 by said Brosseau, and before leaving said bank, he, said Brosseau, paid over to said Joseph M. Campbell the sum of $500 of the money so received from said bank upon said check, and retained the balance thereof for purposes not disclosed by any evidence offered on said trial. I find that the sum of $500, so paid by said Brosseau to said Campbell, was the full amount and consideration agreed upon by the said parties, in said Brosseau's office, for the said conveyance of the 240 acres of land, and for 160 acres of other lands conveyed and deeded, at the same time and in the same manner, to some one else, whose name is not disclosed by the evidence on said trial.''

As a conclusion of law from these findings of fact the court finds : '' That the deed executed and delivered to the defendant, and bearing date of July 25, 1872, was sufficiently executed and acknowledged to make it the deed of the infant, Joseph M. Campbell.'' We think this conclusion of law cannot be sustained. To make the instrument in question the deed of Joseph M. Campbell, it must have been signed and sealed *by* him, or *for* him. It was not signed and sealed *by* him. He not only did not write his name opposite the seal, but he wrote it in another place, viz., under the attestation clause—the place for the signature of a witness. His signature in that place cannot, on any reasonable ground, be taken to be anything but the signature of a witness. It cannot be twisted into a signing of the deed. Neither was the deed signed *for* him. The signature opposite the seal was written by Antoine Joseph Campbell, the natural father of Joseph M. Campbell, the true patentee. That signature was the name of the person who wrote it, though not his full name. The fact that Joseph M. Campbell was able to write his name, and that he did write it as a witness upon this very paper, and that it was entirely unnecessary for any other person to write it for him, is significant upon the question whether the signature

"" Joseph Campbell " was made for him, or intended to be. It is a fact hard to be explained upon any other hypothesis than the hypothesis that neither Joseph M. Campbell nor any of the other parties to the business supposed that he was executing the instrument, or having it executed, as his deed. The statement, in the finding of the court, that Joseph M. Campbell fully understood the transaction between his father and Brosseau, and fully consented thereto, and " fully intended to convey the said land by means of the acts hereinafter stated, so far as he lawfully could do so," falls far short of showing that he intended to execute the instrument, or have it executed, as his deed. It is entirely consistent with an intention on his part, in ignorant good faith, to have his father execute the instrument as his own deed.

But, independent of these considerations, there is nothing in the findings of fact, or in the evidence upon which they are based, which shows, or tends to show, that the deed was signed and sealed *for* Joseph M. Campbell, or that he acknowledged it to be his deed. The signature prefixed to the seal was, as we have already observed, the name of the person who wrote it. There is nothing in the case showing, or tending to show, that it was put there as the signature of Joseph M. Campbell, or that he either expressly or impliedly requested it to be put there as his signature, or for him, or that he adopted it or recognized it as his signature, or as written for him. There is not even a shred of testimony showing, or tending to show, that he supposed, or had any reason to suppose, that any of the parties to the business believed or imagined that the signature " Joseph Campbell " was the signature of Joseph M. Campbell, or written for him. The instrument is, therefore, not the deed of Joseph M. Campbell.

It is, however, urged that, even if it be not his deed, he is estopped, by his receipt of the whole or a part of the purchase-money, to deny that it is, or that it conveyed the

land. There is no foothold for an estoppel, for the reason that the facts as to the title of the land, and as to the execution of the instrument, were at the time fully understood by all the parties, since, although defendant was not present, Brosseau must, upon the finding, be taken to have been her agent, even if he was not the agent of both parties. No person was induced to believe anything that was not true by any acts, representations, or silence upon the part of Joseph M. Campbell. *Pence* v. *Arbuckle*, 22 Minn. 417.

The instrument through which the defendant claims not being the deed of Joseph M. Campbell, and, therefore, not conveying any title from him, it follows that no question of disaffirmance is presented by the case; and, as no question of disaffirmance is presented, it further follows that, as respects the plaintiff's right to maintain this action, no question arises in this case as to the obligation of Joseph M. Campbell to restore any money received by him from defendant, or any one for her.

It further follows that, as the defendant had no title to the lands to which this action relates, and as, from the facts in the case, she must be charged with notice of her want of title, her payment of taxes upon the same was entirely gratuitous, and that she is not in law entitled to insist that she shall be reimbursed by the plaintiff.

The judgment is reversed, and the case remanded for judgment in accordance with the foregoing opinion.