HENRY LePAK AND ANOTHER v. CLARA HEDBERG
AND ANOTHER.[1]

March 18, 1927.

No. 25,872.

Where parties have agreed as to a fact involving property rights and one of them has acted on faith of it, other party is estopped from denying truth of the fact.

1. Where a person makes an agreement as to a fact which involves his property rights it is the equivalent of a firm representation; and such person cannot assert what the previous agreement denied when on the faith of that agreement the other party has acted.

Verdict for defendants sustained.

2. The verdict is sustained by the evidence.

[1]Reported in 213 N. W. 40.

Boundaries, 9 C. J. p. 235 n. 22; p. 239 n. 55.
Estoppel, 21 C. J. p. 1111 n. 30; p. 1117 n. 91; p. 1202 n. 10, 21; p. 1204 n. 23.
Replevin, 34 Cyc. p. 1509 n. 68.

Plaintiffs appealed from an order of the district court for St. Louis county, Magney, J., denying their motion for a new trial. Affirmed.

*Thomas A. Gall,* for appellants.

*Arnold & Arnold,* for respondents.

WILSON, C. J.

Plaintiffs appealed from an order denying their motion for a new trial.

The action is in replevin to recover the possession of lumber which was taken from defendants. They did not re-bond and the jury returned a verdict for defendants and determined the value at $535.50.

On March 12, 1924, the owner gave to Blanch Locke Otto the right to cut timber on certain lands. This permit was assigned to defendants.

On March 12, 1924, the owner gave to one Novitzke a permit to cut timber on adjacent lands. This permit expired June 1, 1925. It was assigned to plaintiffs who, on August 3, 1925, procured an extension thereof to August 1, 1926. The extension agreement recited a sale to plaintiffs of any timber and logs which had been cut and piled upon the lands covered by the permit to Otto under the terms of which the logs had reverted to the owner.

The parties did their logging in the winter of 1924. Plaintiff Walkowiak and defendant Otto were on the ground. The line between the lands upon which they were operating was not known. Walkowiak who was a cruiser and experienced woodman blazed a line which the parties agreed should be the dividing line. Plaintiffs operated north and defendants south of the line. Defendants were desirous of removing their logs as required by their permit in order to avoid forfeiture of title to the landowner, before it terminated

on June 1, 1925. They intended to remove the logs from the land on which they were operating and piled them 250 feet north of the line located by agreement. With knowledge of all this plaintiffs acquired their extension agreement and now claim: That the actual division line between the legal subdivisions of the land operated by the parties was not where Walkowiak located it but north of where the logs were piled; that the logs in fact had never been moved from the land covered by the defendants' permit and hence the title had reverted to the owner and passed to plaintiffs under their extension contract. Plaintiffs sawed the logs. Defendants took possession of the lumber. This action followed.

1. Plaintiffs and defendants mutually agreed that the line was where Walkowiak located it. It was a practical location. Their agreement committed them to this location. Plaintiffs knew that defendants were relying upon this location when they piled their logs to the north thereof. Plaintiffs now assume a position inconsistent with their agreement. If they are permitted to do this it will obviously be to the prejudice of defendants. The doctrine of estoppel requires of a party consistency of conduct, when inconsistency would work substantial injury to the other party. 21 C. J. 1202, § 205; Dimond v. Manheim, 61 Minn. 178, 63 N. W. 495; Schaefer v. Nylin, 162 Minn. 170, 202 N. W. 439.

This is not a case in which the agreement assumed to locate a boundary line as between owners of land, but located a line which was to control the parties to the agreement. Obviously defendants would not have piled the logs where they did, had they not supposed that they were off the premises where they were operating. Plaintiffs agreed with them that such was the case. If not, the moving was useless. Removal from the premises was necessary to prevent a forfeiture. Justice and good conscience command that plaintiffs cannot thus participate in such a definite agreement and then turn on the parties with whom they agreed and dispute the accuracy of location of the agreed line and thereby cause defendants to lose their property. Where a person makes an agreement as to a fact which involves his property rights it is the equivalent of a firm representa-

tion. Such a change in position, to the detriment of the other, is sternly forbidden. Plaintiffs were confronted with their unjust and unconscionable conduct at the threshold of this case. This invoked the harsh but fundamental basis of estoppel "that the truth is not to be spoken at all times." A fact agreed or assumed to be true, as the basis of a contract, must be taken to be true specifically. Bigelow, Estoppel (6th ed.) 14, p. 495. As between the parties to this action their agreement should control. "What I induce my neighbor to regard as true is the truth as between us, if he has been misled by my asseveration." Kirk v. Hamilton, 102 U. S. 68, 26 L. ed. 79. See Horn v. Cole, 51 N. H. 287, 12 Am. Rep. 111; Westbrook v. Guderian, 3 Tex. Civ. App. 406, 22 S. W. 59; Ft. Stanwix C. Co. v. Wm. McKinley C. Co. 49 App. Div. 566, 63 N. Y. S. 704; Cannon v. Vaughn Lbr. Co. 52 La. Ann. 757, 27 So. 276; Riegel v. Ormsby, 111 Iowa, 10, 82 N. W. 432.

Under such circumstances the doctrine of estoppel is applicable. Its mission is to protect the blameless. Its creed is justice. It would be a fraud on defendants for plaintiffs to assert what their previous agreement denied when on the faith of that agreement defendants have acted. Its purpose is to prevent, not promote, wrong. Its office is not to work a positive gain to the person claiming it, but to protect him from a loss which otherwise he could not escape.

2. Upon the trial there was evidence that the line located by agreement was the true line. There was evidence to the contrary. The court instructed the jury that if they found that the logs were removed from the premises described in defendants' permit they were the property of defendants and in that event the verdict must be for defendants. Upon this theory the verdict is supported by the evidence.

We have examined the other assignments but find no error.

Affirmed.