ROSE MAKIESKY v. NATIONAL GUARDIAN LIFE
INSURANCE COMPANY AND ANOTHER.[1]

June 8, 1928.

No. 26,744.

No estoppel in favor of stranger to transaction involved.

1. A stranger to a transaction cannot set up an estoppel in reference thereto.

No estoppel where facts are equally known to both parties.

2. There can be no estoppel as to the facts when they are equally known to both parties.

Estoppel, 21 C. J. p. 1131 n. 71; p. 1180 n. 34; p. 1253 n. 4.

[1]Reported in 219 N. W. 864.

Action in the district court for Ramsey county to recover upon a policy of life insurance, of which plaintiff was the beneficiary, issued to her husband, Abraham Makiesky, assigned by him to the defendant Irving Epstein, and paid to the latter upon Makiesky's death. There was a verdict for the plaintiff, and defendants appealed from an order, Bechhoefer, J. denying their motion for a new trial. Reversed.

*John H. Horeish,* for appellants.

*Herbert P. Keller, Bruce J. Broady* and *George G. Chapin,* for respondent.

WILSON, C. J.

Defendants appealed from an order denying their motion for a new trial.

Defendant insurance company on May 12, 1925, through its agent, Epstein, issued a policy on the life of Abraham Makiesky for $1,000 payable to his wife, the plaintiff herein.

On September 8, 1925, Makiesky assigned the policy to Epstein as collateral security to a debt on which it is claimed $1,495.27 remains unpaid. The fact that he also assigned another policy of $2,000 is not here important.

A premium came due March 12, 1927. Epstein asked for payment. Apparently plaintiff referred him to her son-in-law, Edward Leavitt, who told him that he, Leavitt, would not pay the premium unless Epstein would make a written statement to the effect that there was no assignment against the policy. Epstein then wrote with pen and ink:

"St. Paul, Minn. 3/14/27

"Mr. A. Makiesky,
"622 Canada St., City

"In reply to your inquiry, I wish to advise you that the assignment of your life insurance policy for $2,000 dated Oct. 30, 1925, will be of no effect as far as policy No. 24276 for $1,000 dated May 12, 1925, is concerned.

"Irving Epstein."

Leavitt was not satisfied with the writing, and at his insistence Epstein added with pencil these words: "There is nothing against policy No. 24276." This paper is exhibit C in the record.

In reliance upon Epstein's statement so reduced to writing Leavitt paid the premium, using his own funds. The insured died on May 28, 1927. Epstein having turned over the assignment to the defendant company, it paid to him the sum of $948.70, which is the amount apparently due on the policy which plaintiff now seeks to recover.

The statement contained in exhibit C made and signed by Epstein is untrue. He seeks to excuse his admitted falsity by saying that the insured asked him not to disclose to his family the existence of the assignment.

The court charged the jury:

"The plaintiff has also produced testimony tending to show that an agent [Leavitt] of the assured paid the final premium on the policy to Epstein who was then acting for himself and as the agent of the company and that this payment was so made only after the agent acting for the deceased had received from Epstein written assurance that he then held no claim under this policy here in controversy. * * *

"If you find from the evidence and the surrounding circumstances as shown at the trial that on March 13, 1927, Epstein made plaintiff's exhibit C and delivered it to Leavitt with the intention and purpose on Epstein's part thereby to induce Leavitt to pay the premium on the policy and that at the same time Epstein represented to Leavitt that the statement contained in said exhibit was true and that Leavitt then believed such representation and then acted in reliance thereon and that he was thereby induced to pay and did then pay such premium, then, these facts being established to your satisfaction as true, I charge you, as a matter of law, that Epstein cannot at this time assert any rights under the assignment to him and in that case your verdict will be for the plaintiff, against the defendants, for the amount owing under the policy, regardless of the question as to whether or not at the time of the death the assured, Makiesky, was indebted to Epstein."

1. A stranger to a transaction cannot set up an estoppel with reference thereto. Alexander v. Thompson, 42 Minn. 498, 44 N. W. 534; Selover v. First Nat. Bank, 77 Minn. 140, 79 N. W. 666; 2 Dunnell, Minn. Dig. (2 ed.) § 3210.

Defendants invoke this doctrine upon the theory that Leavitt was a stranger to the transaction. Upon the record he may have been acting for the plaintiff and not for himself. The complaint is not clear as to plaintiff's claims as to whom Leavitt was representing. It may possibly mean that he represented either or both. Upon the theory on which the case was submitted to the jury with plaintiff's acquiescence, the charge is erroneous.

But we think it fairly appears that the court submitted the case to the jury upon the theory that Leavitt was the agent of the insured. The charge as to estoppel was given substantially as requested by plaintiff, and it failed to give plaintiff the benefit of a possible finding that Leavitt acted for her.

If Leavitt acted as agent for the assured, and the evidence would apparently support such finding, he would stand in the place of his principal and the doctrine as to strangers to the transaction would have no application; and under such circumstances the plaintiff would be entitled to invoke the doctrine of estoppel were it not for what is hereinafter stated.

2. The insured knew that the assignment of the policy did exist. He cannot claim that he was deceived and misled by exhibit C. In order to constitute an estoppel the representations must not only relate to material facts but must be in relation to facts not within the knowledge of the opposite party who invokes the protection of the rule. One cannot rely upon a representation concerning matters of which he has full notice and knowledge. In short, there can be no estoppel as to the facts when they are equally known to both parties. This is upon the principle that estoppel arises when one, by his acts or representation, or by his silence when he ought to speak out, intentionally or through culpable negligence, induces another to believe certain facts to exist, and such other rightfully acts on the belief so induced in such manner that if the former be permitted to deny the existence of such facts it will prejudice the

latter. 21 C. J. 1131, § 132(3); Plummer v. Mold, 22 Minn. 15; Pence v. Arbuckle, 22 Minn. 417; Shillock v. Gilbert, 23 Minn. 386; James v. Wilder, 25 Minn. 305; Western Land Assn. v. Banks, 80 Minn. 317, 83 N. W. 192; Cornish, Curtis & Greene Co. v. Antrim Co-op. D. Assn. 82 Minn. 215, 84 N. W. 724; Farmers & Mer. State Bank v. Huschke, 165 Minn. 71, 205 N. W. 637; 2 Dunnell, Minn. Dig. (2 ed.) § 3189.

We need not consider whether the insured in fact changed his position for the worse, which is one of the essential elements of estoppel. Schaefer v. Nylin, 162 Minn. 170, 202 N. W. 439; LePak v. Hedberg, 170 Minn. 495, 213 N. W. 40.

The insured having equality of knowledge, the above instruction embracing the doctrine of estoppel given upon the theory that Leavitt was the agent of the insured had no application, and the giving thereof was error necessitating a new trial.

If Leavitt was in fact the agent of the plaintiff we would have quite a different situation since she did not have equal knowledge.

Reversed.