**Ralph MALAKOWSKY, judgment creditor, Respondent,**

v.

**Raymond JOHANNSEN and Raymond Koziolek, individually and d.b.a. R & R Livestock Sales and R & R Livestock Sales, Defendants-Judgment Debtors,**

**and**

**Milwaukee Mutual Insurance Company, garnishee, Appellant.**

**No. C8-85-962.**

Court of Appeals of Minnesota.

Oct. 15, 1985.

Thomas M. Carey, Tuveson, Goldman & Nelson, Chartered, Albert Lea, for respondent.

James C. Erickson, Peterson, Bell & Converse, St. Paul, for appellant.

Heard, considered and decided by FORSBERG, P.J., and PARKER and FOLEY, JJ.

## OPINION

FORSBERG, Judge.

Milwaukee Mutual Insurance Company appeals from a summary judgment entered for plaintiff. The trial court ruled that Milwaukee Mutual is estopped from asserting a policy exclusion against a third party. Milwaukee Mutual claims that a stranger to the contract cannot invoke estoppel and that estoppel cannot be used to enlarge coverage. We agree.

## FACTS

Plaintiff-Respondent Ralph Malakowsky is a dairy farmer. On several occasions he purchased calves from defendants Raymond Johannsen and Raymond Koziolek, doing business as R & R Livestock. The complaint alleges that the last 17 calves he picked up from R & R in November of 1980 were diseased. Plaintiff claims they were expressly and impliedly warranted to be free from disease. He claims they infected his dairy herd and caused extensive damage to his herd and dairy operation.

Defendant R & R Livestock had a manufacturers' and contractors' liability insurance policy with Milwaukee Mutual, garnishee-appellant. Milwaukee Mutual refused to defend against plaintiff's lawsuit. The grounds for refusal were stated in its letter to defendants' attorneys on October 1, 1983, as exclusions (m), (n), and (o) and that there had been no "occurrence" as defined in the policy. Defendants' attorney disputed the allegations that those exclusions applied to Mr. Malakowsky's losses.

Later, the Milwaukee Mutual attorney advised defendants' attorney of exclusion (p). Exclusion (p) states:

This insurance does not apply:

\* \* \* \* \* \*

(p) to bodily injury or property damage included within the completed operations hazard or the products hazard; \* \* \*

Thereafter, on January 6, 1984, plaintiff and defendants negotiated a settlement and judgment was entered in plaintiff's favor

on March 1, 1984, for $25,000, providing the condition that the judgment was to be satisfied only from applicable liability insurance policies. Plaintiff then brought suit in June of 1984 as a judgment creditor against R & R Livestock, who was now insulated from the judgment, and Milwaukee Mutual as garnishee.

No formal discovery of Milwaukee Mutual was undertaken by Malakowsky until several months after the stipulated judgment was entered. In August of 1984 Milwaukee Mutual answered Malakowsky's interrogatories, citing exclusions (m), (n) and (p).

Milwaukee Mutual moved for summary judgment, alleging there was no liability coverage to the insured pursuant to paragraph (p). Plaintiff also moved for summary judgment, arguing that Milwaukee Mutual was estopped from raising exclusion (p) because it had not done so earlier. Plaintiff claimed that Milwaukee Mutual had rested upon its October 1, 1983 letter and could not later change its grounds for defense to the garnishment proceedings.

The trial court granted plaintiffs' motion, concluding that:

> Milwaukee Mutual is estopped from asserting exclusion p as a grounds for denying coverage for plaintiff's claims.

Milwaukee Mutual appeals from the summary judgment arguing that (1) a stranger to the insurance contract cannot estop the insurer from denying coverage to its insured, and (2) the doctrine of estoppel cannot be used to enlarge coverage provided under an insurance policy.

### ISSUES

I. Can a stranger to an insurance contract invoke the doctrine of estoppel so that the insurer is barred from denying coverage to its insured?

II. Can estoppel be used to expand the scope of insurance coverage?

### ANALYSIS

I. *Stranger to the Contract*

Two contracts are involved here: an insurance contract between Milwaukee Mutual and its insured, R & R Livestock, and a settlement contract between R & R Livestock and Malakowsky. Milwaukee Mutual contends that since Malakowsky is not a party to the insurance contract, he cannot estop Milwaukee Mutual from denying coverage to its insured.

The rule was stated in *Makiesky v. National Guardian Life Insurance*, 174 Minn. 554, 557, 219 N.W. 864, 865 (1928):

> A stranger to a transaction cannot set up an estoppel with reference thereto.

*Accord Moore v. Farmers Insurance Exchange*, 323 N.W.2d 870, 872 (S.D.1982) (plaintiff could not claim benefit of insurer's alleged waiver of cancellation of policy based on the company's acceptance of a premium from defendant insured after the accident, since plaintiff was not privy to the insurance contract). *See* 18 G. Couch, *Couch on Insurance*, § 71:10 (1983).

Malakowsky has no contractual relationship with Milwaukee Mutual. He has no rights under the policy. He does not have the rights of the insured; there has been no assignment. Estoppel can only affect rights reserved in the policy. *Minnesota Federal Savings and Loan Association v. Iowa National Mutual Insurance Co.*, 372 N.W.2d 763, 767 (Minn.Ct.App.1985).

II. *Scope of Coverage*

Appellant argues that the effect of estoppel in this case enlarges coverage provided by the insurance contract. In its memorandum, the trial court indicated that the exclusion would operate to prevent coverage:

> It is obvious that plaintiff would not have agreed to such a proviso [allowing settlement sum to be collected only from applicable insurance policies] if it knew that Milwaukee Mutual relied upon an exclusion which virtually abrogated any obligation it owed defendant under the circumstances, as would be the effect of exclusion P. were Milwaukee Mutual allowed to raise it here.

Respondent Malakowsky agrees that exclusion (p) serves to bar coverage of his loss.

The dispositive case on this issue is *Shannon v. Great American Insurance*,

276 N.W.2d 77 (Minn.1979). In *Shannon,* the Minnesota Supreme Court stated unequivocally:

> The doctrine of estoppel may not be used to enlarge the coverage of an insurance policy. * * * The policy considerations in support of this principle are well founded, for it would be wholly improper to impose coverage liability upon an insurer for a risk not specifically undertaken and for which no consideration has been paid.

*Id.* at 78 (citations omitted).

It is undisputed that exclusion (p) bars coverage under the policy. Estoppel may not be used to create coverage where none is provided for in the contract.

## DECISION

Respondent cannot use the doctrine of estoppel with reference to an insurance contract to which he is not a party. Furthermore, estoppel cannot be used to expand the scope of coverage under an insurance contract. Appellant also moved to strike a letter from consideration on appeal. The letter was not considered, so the motion is denied. We reverse the trial court's order for entry of judgment and order that summary judgment be entered in favor of Milwaukee Mutual.

Reversed and judgment in favor of garnishee ordered.