**Hazel QUAM, judgment creditor, Respondent,**

v.

**Charles WULFEKUHLE, et al., judgment debtors, Respondents,**

v.

**AUSTIN MUTUAL INSURANCE COMPANY, garnishee, Appellant.**

No. C2–86–207.

Court of Appeals of Minnesota.

July 22, 1986.

Review Denied Sept. 24, 1986.

H. Morrison Kershner, Thomas C. Athens, Fergus Falls, for Hazel Quam, judgment creditor.

Dennis J. Helseth, Elbow Lake, for Charles Wulfekuhle, et al., judgment debtors.

Henry Cousineau, Jr., Minneapolis, for Austin Mut. Ins. Co., garnishee.

Heard, considered and decided by NIERENGARTEN, P.J., and LANSING and HUSPENI, JJ.

## OPINION

. NIERENGARTEN, Judge.

This appeal is from summary judgment in favor of judgment creditor respondent

Hazel Quam. The trial court determined that Quam was entitled to full liability coverage for each of two vehicles involved in an automobile accident. We affirm.

## FACTS

This case arises out of a three vehicle accident occurring on November 16, 1982 near Wendell, Minnesota. Respondent Hazel Quam was a passenger in a car driven by Robert Berg. The other two vehicles involved were owned by respondent Charles Wulfekuhle and insured under a combination policy issued by appellant Austin Mutual Insurance Company (Austin Mutual). The policies afforded liability coverage of $50,000 on each of the two vehicles.

Robert Wulfekuhle, the son of Charles Wulfekuhle, was driving one of the two vehicles, a 1973 Ford grain truck, on his way back to the family's farm after making a grain delivery when the truck ran out of gas. He pulled the truck partially off the northbound lane of Highway 11 and radioed home for assistance. Robert's 13 year old sister Cheryl answered his call and drove a 1979 Ford pickup truck to the scene with a can of gas. She parked the 1979 Ford directly across from Robert's truck, facing south on the two lane highway with its high beam lights on.

Robert Berg was traveling north on Highway 11 when he approached the two parked vehicles. Berg testified there were no taillights visible on the grain truck. He further testified that he was blinded by the lights on the 1979 pickup. He ran into the back of the grain truck and his passenger Hazel Quam sustained severe injuries.

Quam brought a personal injury action against Charles Wulfekuhle and his two children Robert and Cheryl. Her theory of recovery against Robert was negligent operation of the grain truck by his failure to park it completely off the road when it ran out of gas. Her theory of recovery against Cheryl was the same as that alleged against Robert. Her theories of recovery against Charles Wulfekuhle were negligent entrustment of the pickup truck to his underage daughter and negligent mainte-

nance of the grain truck by his failure to fix the gas gauge and clear the caked mud off the truck's rear lights.

Austin Mutual accepted the defense of the three Wulfekuhles. The jury returned a special verdict finding Cheryl Wulfekuhle 60% negligent and her father 40%. It found Robert Wulfekuhle negligent, but also found that Robert's negligence did not constitute proximate cause. No negligence was found on the part of third party defendant Robert Berg. Damages of $158,-550 were awarded.

Austin Mutual paid Quam its policy limits of $50,000 on the liability insurance policy covering the 1979 Ford pickup driven by Cheryl Wulfekuhle. It refused, however, to pay the additional $50,000 limit under the policy it issued to cover the 1973 grain truck because the jury found no causation on the part of Robert Wulfekuhle for Quam's injuries.

Quam and Austin Mutual brought cross-motions for summary judgment on the issue of insurance coverage. The trial court denied Austin Mutual's motion and granted Quam's finding that "full coverage [was] available on each of the two Wulfekuhle vehicles". Judgment was entered and Austin Mutual appeals.

## ISSUES

1. Did the trial court properly determine that full coverage was available on each of the two Wulfekuhle vehicles involved in the accident?

2. Was Austin Mutual estopped from denying coverage under the insurance policy for the 1973 Ford grain truck by virtue of its decision to accept the defense of all the Wulfekuhles?

## ANALYSIS

■ 1. Austin Mutual argues that under the terms of the policy liability coverage is available separately for each of the two vehicles, and may not be combined unless both vehicles are involved in the same accident. Therefore, Austin Mutual claims it was error for the trial court to

"stack" the insurance coverage on each of the two vehicles owned by Charles Wulfekuhle where the jury found that the negligence of Robert Wulfekuhle was not the proximate cause of Quam's injuries. Such a finding, Austin Mutual argues, means only one insured vehicle was involved at the time of the accident—the 1979 pickup truck driven by Cheryl Wulfekuhle—and only the $50,000 limit under that policy was available.

Quam counters that the trial court did not stack the liability coverage available for each vehicle but rather combined the coverage because there were two vehicles involved in the accident.

Here, the evidence sustains the jury's findings of independent acts of negligence on the part of Charles Wulfekuhle, both of which contributed to the injuries sustained by Quam. First, the negligent maintenance of the Ford grain truck was independent of its operation by Robert Wulfekuhle. The jury apparently found that the duty to maintain the truck fell on Charles Wulfekuhle and not his son Robert. Second, the jury found that Charles Wulfekuhle was negligent in entrusting the Ford pickup to his underage daughter.[1]

Austin Mutual maintains the Minnesota Supreme Court's decision in *Hilden v. Iowa National Mutual Insurance Co.*, 365 N.W.2d 765 (Minn.1985), controls this case. In *Hilden*, the court held that the limits of residual liability insurance applicable to each person and each occurrence apply separately to each of the three vehicles described in the insured's automobile insurance policy. *Id.* at 769. As a result, the liability coverage applicable to the two vehicles not involved in the accident could not

be stacked on that applicable to the sole vehicle which was involved. *Id.*

Austin Mutual's reliance on *Hilden* is misplaced. Unlike *Hilden*, here two vehicles rather than one were involved in the accident in which Quam was injured. Consequently, the limits of residual liability insurance applicable to both the 1979 Ford pickup and the 1973 grain truck were available.

■ 2. Respondents contend that Austin Mutual is estopped from asserting that only $50,000 of coverage is available for the accident. Specifically, they maintain Austin Mutual's decision to assign a single attorney [2] to represent all three Wulfekuhles was in effect an election by it to treat all three as one defendant with $100,000 of applicable liability coverage. By not raising the coverage issue before trial, respondents claim Austin Mutual relinquished its rights to now raise the issue.

Austin Mutual argues that it was within its rights under the terms of the insurance contract with Charles Wulfekuhle to undertake the litigation in the manner in which it did. It further argues that Quam may not estop it from denying coverage to its insured because she is not a party to the insurance contract. While it appears that Austin Mutual's election of the same counsel to represent three defendants who had conflicting interests was questionable, it is not the respondents who can argue estoppel. In *Malakowsky v. Johannsen*, 374 N.W.2d 816 (Minn.Ct.App.1985), this court reaffirmed the long standing Minnesota rule that a stranger to an insurance contract may not set up estoppel as a defense to that contract to keep an insurer from denying coverage to its insured. *Id.* at 818. (Citing *Makiesky v. National Guard-*

---

**1.** The special verdict form does not indicate under which theory of recovery the jury found Charles Wulfekuhle negligent. At the close of trial, counsel for both Quam and third-party defendant Berg requested that the trial court include specific interrogatories as to the nature of the negligence of Charles Wulfekuhle. These interrogatories would have had the jury determine whether the negligence of Charles Wulfekuhle related to negligent entrustment of the 1979 Ford to his daughter and/or whether his

negligence related to the maintenance of the grain truck. This request however was objected to by Wulfekuhle's attorney because he did not want the jury to have a "number of shots" at his client. The trial court therefore denied the request.

**2.** On appeal, a substitution of counsel was effected.

*ian Life Insurance,* 174 Minn. 554, 557, 219 N.W. 864, 865 (1928)).

## DECISION

The trial court's order granting summary judgment in favor of Hazel Quam is affirmed.

Affirmed.